ESSEX UPHOLSTERING COMPANY, INCORPORATED, A CORPORATION, RESPONDENT, v. PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, APPELLANT.

Argued May 1, 1934—Decided June 23, 1934.

Before Justices CASE and DONGES.

For the respondent, *David E. Bernstein.*

For the appellant, *Wall, Haight, Carey & Hartpence.*

The opinion of the court was delivered by

CASE, J.   The Pennsylvania Railroad Company appeals from a judgment entered against it on an award by the judge, sitting without a jury, in the District Court of the Second Judicial District of the County of Hudson.   Essex Upholstering Company, Incorporated, plaintiff, sued for damages to its automobile truck and contents caused by a steel bar that hung down from the railroad overhead trestle on New Jersey Railroad avenue in Jersey City.   The accident occurred on October 28th, 1932, as the truck was turning at the dead

end of the highway under the trestle, the clearance of which was posted to be, and was in fact, except for the interference of the steel bar, eleven feet. The truck was ten feet in height. The alleged errors ground in the refusals to nonsuit and to grant a directed verdict.

Plaintiff's driver, the only witness of the accident, testified that he became aware that something was pulling against the truck and, stopping, found that the object was a round steel bar, similar to a broom handle or a crowbar, two or three feet in length, which was swinging down from the overhead structure. He did not know more definitely what the object was and apparently made no effort to find out.

We think that the testimony would not sustain a finding that the object was or ever had been a part of the trestle. Therefore section 26 of the General Railroad act (3 *Comp. Stat., p.* 4231; *Pamph. L.* 1903, *p.* 659) and *Moreland* v. *Director-General,* 96 *N. J. L.* 228, and other cases bearing thereon, are inapplicable. The trial judge properly ruled that the defendant had not offended the statute. There is no point made of inadequacy of design or structure of the trestle and no proof of standard usage upon which a departure could be argued. Indeed it is admitted that the structure was there with legal sanction and was not itself in any way unlawful. *Lorentz* v. *Public Service Railway Co.,* 103 *N. J. L.* 104.

The contention is that the object complained of was a temporary obstruction which interfered with the use of the highway by the public. Plaintiff's position therefore is that of a person who sues to recover for special damage caused to his property by a public nuisance. *Mehrhof* v. *Delaware, Lackawanna and Western Railroad Co.,* 51 *N. J. L.* 56.

There is no testimony from which it could fairly be inferred that the object had been left or placed there by an agent or servant of the defendant, or that it was railroad property or that it was on the railroad trestle at any time except at the very moment of the accident. On the contrary, it appears, without attempt at contradiction, that two

inspectors in the employ of the defendant company had carefully inspected the trestle both from above and from below, with the aid of a ladder, earlier on the same day and that the object was not there then. Accessibility by the public was not negatived. For all that is shown, mischievous boys or irresponsible persons on the highway might have thrown the object a short time before. We discover no proof of negligence by the railroad company and no proof of facts from which such negligence might be legitimately inferred. The expression in *Lorentz* v. *Public Service Railway Co., supra,* relied on by plaintiff, that "any unlawful obstruction on the highway is *prima facie* a nuisance and that the party responsible for it is liable in damages to one injured thereby" in nowise changes the situation because that simply brings us back to the question of who was responsible for the obstruction. It was for the plaintiff to produce a case which, by the evidence or by legitimate inference to be drawn therefrom, would lay that responsibility upon the defendant.

There being no proofs from which it could be found that the defendant company either created the nuisance or discovered or, by the exercise of reasonable care, might have discoverd it, we conclude that there is nothing upon which the award may rest. The defendant's motions should have been granted.

The judgment below will be reversed.